Hilgers Graben PLLC
Michael Merriman, California Bar No. 234993
mmerriman@hilgersgraben.com
655 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 369-6232
Attorneys for PLAINTIFF TAMMY GUTIERREZ,
AND THE PROPOSED CLASS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY GUTIERREZ, on behalf of herself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES L.P., and TRUEACCORD CORP.,<br><br>Defendants. | Case No. 1:23-CV-00824-ADA-SKO<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 USC §§ 1692, ET SEQ.; AND**<br><br>**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Plaintiff Tammy Gutierrez ("Gutierrez" or "Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendants LVNV Funding, LLC, Resurgent Capital Services L.P., and TrueAccord Corp. (collectively, "Defendants"). Gutierrez, on behalf of herself and similarly situated persons, demands a trial by jury on all counts for which a right to trial by jury is allowed and, in support of this Complaint, alleges as follows:

Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain

1

from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The relevant provision at issue here, Section 808 of the FDCPA, explicitly prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt" and includes the collection of "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). On June 29, 2022, the Consumer Financial Protection Bureau ("CFPB") issued an advisory opinion interpreting the term "any amount" in Section 808 to include "convenience" fees or "pay-to-pay" fees, which are fees incurred by consumers to make debt collection payments through a particular channel, such as over the telephone or online. Debt Collection Practices (Regulation F); Pay-to-Pay Fees, 87 Fed. Reg. 39733 (July 5, 2022).

In this action, Defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services L.P. ("Resurgent"), and TrueAccord Corp. ("TrueAccord"), debt collection agencies that are notorious for aggressively pursuing debt holders, knowingly charged consumers with these so-called convenience fees when consumers made payments through a "particular channel," such as by telephone or over the internet. These fees are not expressly authorized by any agreement or by law and are illegal under the FDCPA and California's Fair Debt Collection Practices Act (the "Rosenthal Act"). Furthermore, these convenience fees are not simply pass-through costs to consumers. Rather, they are an unlawful profit center imposed and collected by many debt collection companies, as they represent a method of collection which imposes materially excessive sums over Defendants' actual costs to accept a fee by electronic or other means.

As a result of Defendants' egregious practices and methods of collection described herein, Plaintiff Gutierrez and the putative class members have sustained damages and losses since their rights and protections under the law have been disregarded by Defendants. These damages and losses include the imposition and collection of fees by Defendants which they have no right to impose and collect. Plaintiff Gutierrez and the putative class members are entitled to their actual and statutory damages described herein as well as their costs and reasonable attorney's fees awarded by the Court.

## JURISDICTION

1. This Court has jurisdiction to the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the laws of the United States) and 15 U.S.C. § 1692k(d) (in that the action is brought before any appropriate United States district court without regard to the amount in controversy). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367(a).

## VENUE

2. Venue is proper in the United States Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Furthermore, Defendants transact business within California in relation to California residents as part of their debt collection practices and credit reporting business.

## PARTIES

4. Plaintiff Tammy Gutierrez is an individual who is domiciled in, and is a citizen of, Bakersfield, California (Kern County). Plaintiff is the debt holder of the debts subject to this action, which were utilized for personal, consumer purposes ("Gutierrez Debts").

5. Defendant LVNV Funding, LLC ("LVNV"), is, upon information and belief, a Delaware limited liability company with its principal place of business located at 6801 S. Cimarron Road, Suite 424-J, Las Vegas, Nevada 89113. LVNV may be served by serving its registered agent, CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Sacramento, California.

6. Defendant Resurgent Capital Services L.P. ("Resurgent") is a Delaware limited partnership with its principal place of business located at 55 Beattie Place, Suite 110 MS 425, Greenville, South Carolina 29601. Resurgent may be served by serving its registered agent, CSC – Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Sacramento, California.

7. Defendant TrueAccord Corp. ("TrueAccord") is a foreign corporation formed in Delaware with its principal place of business located at 16011 College Blvd Suite 130, Lenexa, Kansas 66219. TrueAccord may be served by serving its registered agent, InCorp Services, Inc., at 5716 Corsa Ave Suite 110, Westlake Village, California.

3

**CLASS ACION COMPLAINT; DEMAND FOR JURY TRIAL**
*Tammy Gutierrez v. LVNV Funding, LLC*, et al, United States District Court Eastern District of California

8. All conditions precedent to the bringing of this action have occurred, or Defendants have waived them.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9. Defendant LVNV is in the business of buying charged-off debts. According to its website, it then "outsources the management of its portfolio of accounts to a company called Resurgent Capital Services."[1]

10. Defendant Resurgent is a licensed third-party debt collector, acting as LVNV's "master servicer" of all defaulted consumer debts owned by LVNV.[2] Upon information and belief, both Defendants are under common ownership and management as part of the Sherman Financial Group.

11. Defendant TrueAccord is a "full-service digital-first debt collection agency," engaged in the business of regularly collecting or attempting to collect debts owed by consumers.[3]

12. Defendants collect debts by use of mail, telephone, the internet, and other instruments of interstate commerce.

13. The Gutierrez Debts were charged-off and bought by LVNV, who then assigned or otherwise transferred the debts to Resurgent and TrueAccord for collection.

14. Plaintiff Gutierrez was making payments to Resurgent and TrueAccord for her charged-off debts when Resurgent and TrueAccord added a "convenience fee" to her payments. This convenience fee represents a hidden profit center for Defendants.

15. Plaintiff Gutierrez was never made aware of the convenience fee added to her debt payments.

16. Plaintiff Gutierrez paid at least one convenience fee within the last year to Resurgent and TrueAccord.

17. The imposition of these convenience fees by Defendants is illegal. The CFPB's advisory opinion specifically clarifies that FDCPA section 808(1) and Regulation F, 12 CFR

---

[1] LVNV Funding, LLC, *Learn More About LVNV Funding*, https://www.lvnvfunding.com/ (last visited May 10, 2023).
[2] *Id.*
[3] TrueAccord, *TrueAccord*, https://www.trueaccord.com/ (last visited June 30, 2023).

1006.22(b) applies to any amount collected by a debt collector *in connection with* the collection of a debt. "Consistent with this interpretation, the CFPB further clarifies that pay-to-pay fees charged to consumers for accepting a consumer's payment on a debt through a particular payment channel are an 'amount' within the meaning of the FDCPA section 808(1) and Regulation F, 12 CFR 1006.22(b)." Debt Collection Practices (Regulation F); Pay-to-Pay Fees, 87 Fed. Reg. 39733 (July 5, 2022).

18. The CFPB "interprets section 808(1) to apply to 'any amount,' even if such amount is not 'incidental to' the principal obligation." *Id.*

19. Additionally, there is no agreement expressly authorizing these so-called convenience fees to Plaintiff Gutierrez's payments, and the CFPB's advisory opinion explicitly interprets Section 808(1) as prohibiting such convenience fees unless the underlying contract or state law expressly authorizes those fees. *Id.*

20. Specifically, "under the CFPB's interpretation, amounts, including pay-to-pay fees, that are neither expressly authorized by the agreement creating the debt nor expressly authorized by law are impermissible under the FDCPA section 808(1) and Regulation F, 12 CFR 1006.22(b), *even if such amounts are the subject of a separate, valid agreement under State contract law*." *Id.*

21. "Under Section 808(1), it is not enough for the agreements to be 'permitted by law'; rather the 'amount' itself must be. Contract law standing alone does not provide for the collection of any specific amounts – and no principle of contract law says debt collectors may collect pay-to-pay fees." *Id.*

22. Claiming that the law is silent on the issue is likewise inexcusable. The CFPB emphasizes that the absence of a law prohibiting collection of a particular fee is not tacit authorization to charge or accept such fees. The opinion also emphasizes that debt collectors may be in violation of Section 808 if they accept any portion of an impermissible fee from a third-party processor who assists in debt collection. *Id.*

23. The Rosenthal Act incorporates many FDCPA provisions by reference, including the relevant provision at issue encompassing unfair collection practices, *see* Cal. Civ. Code § 1788.17, while also broadly interpreting "debt collectors" to include "any person who, in the

ordinary course of business, regularly, on behalf of himself or others, engages in… the collection of consumer debts." Cal. Civ. Code § 1788.2(b). The Rosenthal Act applies to the debt collection activity of both original creditors and debt collection agencies that regularly collect debts. Cal. Civ. Code § 1788.2(c).

24. Thus, Defendants' imposition of convenience fees to debt payments made by Plaintiff are unfair and unconscionable under the FDCPA and the Rosenthal Act.

25. Plaintiff has been damaged and sustained losses as a proximate cause of Defendants' improper, unfair, and/or deceptive practices in relation to the collection of convenience fees not permitted under the FDCPA or California law.

## CLASS REPRESENTATION ALLEGATIONS

26. Plaintiff brings certain claims, *infra*, on behalf of classes of similarly situated persons related to Defendants under Fed. R. Civ. P. 23(a) and 23(b)(3) and seeks certification of classes defined as follows:

27. **FDCPA Class:** Plaintiff proposes that the FDCPA Class be defined as follows: All individuals who since May 26, 2022, paid at least one fee or charge collected in whole or in part by Defendant LVNV, Defendant Resurgent, or Defendant TrueAccord in order to make a payment on a consumer debt and where the fee or charge was not expressly authorized by agreement or by law.

28. **California Class:** Plaintiff proposes that the California Class be defined as follows: All individuals who since May 26, 2022, paid at least one fee or charge collected in whole or in part by Defendant LVNV, Defendant Resurgent, or Defendant TrueAccord in order to make a payment on a consumer debt and where the fee or charge was not expressly authorized by agreement or by California law.

29. The class period will be from May 26, 2022, to the date of class certification (hereinafter the "Class Period").

30. Plaintiff reserves the right to amend this definition as discovery proceeds and to conform to the evidence.

31. Excluded from the FDCPA Class and the California Class are LVNV, Resurgent, and TrueAccord, their agents, representatives, and employees; any judge to whom this action is assigned; and any member of that judge's staff and immediate family.

32. While the exact number of the FDCPA Class and California Class are unknown at this time, Plaintiff submits that, upon information and belief, there are tens of thousands of individuals throughout the United States who are potential members of the FDCPA Class, and thousands of California residents in the California Class in this action. Because the members of the FDCPA Class and California Class are so numerous, individual joinder of these members is impracticable.

33. Plaintiff further alleges the members of the FDCPA Class and California Class will be ascertainable through Defendants' electronic records, data, and databases.

34. There are common questions of law and/or fact shared by Plaintiff and each member of the FDCPA Class and California Class. The common questions of law and/or fact for the FDCPA Class include, but are not limited to, the following: whether each member of the FDCPA Class are "consumers" as that term is defined under the FDCPA; whether Defendants qualify as "debt collectors" as that term is defined under the FDCPA; whether Defendants' debt collection conduct constitutes unfair or unconscionable debt collection practices under the FDCPA; whether the imposition and collection of the convenience fees by Defendants were expressly authorized by agreements or by law; whether the members of the FDCPA Class are entitled to the convenience fees collected from them as actual damages and an additional award of FDCPA statutory damages.

35. The common questions of law or fact for the California Class include but are not limited to: whether Defendants qualify as "debt collectors" as that term is defined under the Rosenthal Act; whether the imposition and collection of the convenience fees by Defendants were expressly authorized by agreements or by California law; whether Defendants were permitted to impose the convenience fees and charges upon the California Class members; whether the California Class members are entitled to the convenience fees collected from them as actual damages and an award of reasonable attorney's fees and costs pursuant to the Rosenthal Act.

7

**CLASS ACION COMPLAINT; DEMAND FOR JURY TRIAL**
*Tammy Gutierrez v. LVNV Funding, LLC*, et al, United States District Court Eastern District of California

36. Certification of (i) the FDCPA Class and (ii) the California Class under Fed. R. Civ. P. 23(a) and 23(b)(3) is appropriate as to the members of the putative classes in that common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. All members of the FDCPA Class and California Class were subject to the same conduct by Defendants, as such conduct is Defendants' standard business practice.

37. A class action will cause an orderly and expeditious administration of claims by the members of the FDCPA Class and the California Class and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

38. Plaintiff's claims are typical of the claims of the FDCPA Class and California Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) since they are based on and arise out of identical facts constituting the wrongful conduct of Defendants.

39. Plaintiff is an adequate representative of the FDCPA Class and California Class because her interests do not conflict with the interests of other class members, and she will fairly and adequately protect their interests. Additionally, Plaintiff is cognizant of her responsibility as a class representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing the action. Class counsel have extensive experience in class action litigation.

40. The FDCPA Class and California Class members have suffered actual damages, losses, and harms as those sustained by Plaintiff, including statutory damages.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. §§ 1692, ET SEQ.

41. Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein. This claim is brought on behalf of Plaintiff individually and as the named plaintiff on behalf of the FDCPA Class against Defendants.

42. Defendants acquired Plaintiff's and the FDCPA Class members' charged-off debts and used interstate commerce to collect on such debts, and are, therefore, Debt Collectors within the meaning of 15 U.S.C. § 1692a(6).

8

**CLASS ACION COMPLAINT; DEMAND FOR JURY TRIAL**
*Tammy Gutierrez v. LVNV Funding, LLC*, et al, United States District Court Eastern District of California

43. Defendants are not permitted to add fees and charges to Plaintiff's and the FDCPA Class members' payments of such charged-off debts. These practices are in violation of 15 U.S.C. § 1692f and are unfair and unconscionable.

44. Plaintiff and the FDCPA Class members have suffered actual economic and non-economic damages, as more fully described *supra,* as a result of Defendants' illegal debt collection practices.

45. The FDCPA provides for statutory damages in addition to actual damages. The Plaintiff and the FDCPA Class members are entitled to their actual damages and statutory damages allowed under the FDCPA, as well as costs and attorney's fees.

## COUNT II

## VIOLATIONS OF CALIFORNIA'S FAIR DEBT COLLECTION PROTECTION ACT ("ROSENTHAL ACT"), CAL. CIV. CODE §§ 1788, ET SEQ.

46. Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein. This claim is brought on behalf of Plaintiff individually and as the named plaintiff on behalf of the California Class against Defendants.

47. Defendants regularly engage in the collection of consumer debts and are, therefore, Debt Collectors within the meaning of Cal. Civ. Code § 1788.2(c).

48. Defendants are not permitted to add fees and charges to Plaintiff's and the California Class members' payments of such consumer debts. These practices are in violation of Cal. Civ. Code § 1788.17 and are unfair and unconscionable.

49. Plaintiff and the California Class members have suffered actual economic and non-economic damages, as more fully described *supra,* as a result of Defendants' illegal debt collection practices.

50. The Rosenthal Act provides for statutory damages in addition to actual damages. The Plaintiff and the California Class members are entitled to their actual damages and statutory damages allowed under the Rosenthal Act, as well as costs and attorney's fees.

**PRAYER FOR RELIEF**

Plaintiff and the Class Members seek the following relief:

a. Certification of the FDCPA Class and California Class;

b. A judgment in favor of the FDCPA Class members under the FDCPA and an award of actual and statutory damages;

c. A judgment in favor of the California Class members under the Rosenthal Act and an award of actual and statutory damages;

d. The costs of this action, including reasonable attorney's fees and pre-judgment and post-judgment interest as provided by law; and

e. Such other relief as the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**

A jury trial is demanded by Plaintiff Tammy Gutierrez and the classes of similarly situated persons.

Date: July 13, 2023                                          Respectfully submitted,

*s/ Michael Merriman*
Michael Merriman
HILGERS GRABEN PLLC
655 West Broadway, Suite 900
San Diego, CA 92101
Telephone: 619.369.6232
Email: mmerriman@hilgersgraben.com

*Counsel for Plaintiff and the Proposed Class*

10

**CLASS ACION COMPLAINT; DEMAND FOR JURY TRIAL**
*Tammy Gutierrez v. LVNV Funding, LLC*, et al, United States District Court Eastern District of California